United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10277
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON M. HOLLYWOOD, also known as Swap,
also known as Earl,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-78-13-N
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brandon M. Hollywood appeals his guilty plea conviction and

sentence for aiding and abetting the distribution of and

distributing less than five grams of crack cocaine in violation

of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

Hollywood contends that the district court erred when it

denied his motion to withdraw his guilty plea. "[A] district

court may, in its discretion, permit withdrawal [of a guilty

plea] before sentencing if the defendant can show a 'fair and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

just reason.'" <u>United States v. Powell</u>, 354 F.3d 362, 370 (5th Cir. 2003) (citing F<small>ED.</small> R. C<small>RIM.</small> P. 11(d)(2)); <u>see</u> <u>also</u> <u>United States v. Carr</u>, 740 F.2d 339, 343-44 (5th Cir. 1984).  The district court did not abuse its discretion when it denied Hollywood's motion to withdraw his guilty plea.  <u>See</u> <u>Powell</u>, 354 F.3d at 370.

Further, Hollywood contends that the district court erred in determining the quantity of drugs attributable to him as relevant conduct.  He also contends that the district court erred when it increased his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a weapon in connection with a drug-trafficking offense.  Hollywood's sentence was not determined based on the drug quantity calculation or the two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1).  Instead, Hollywood's sentence was determined based on his status as a career offender pursuant to U.S.S.G. § 4B1.1.  Therefore, these arguments are irrelevant.

Accordingly, the district court's judgment is AFFIRMED.