# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2019

Lyle W. Cayce
Clerk

No. 18-31253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THANH THAI TRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-30-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Thanh Thai Tran appeals his 40-month sentence after he pleaded guilty to knowingly and intentionally possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). During sentencing, the district court deemed Tran a career offender pursuant to U.S.S.G. § 4B1.1(a). His offense level was thus set at 17 because the statutory maximum term of imprisonment for his conviction was five years. U.S.S.G. § 4B1.1(b)(6).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31253

Prior to the application of the career offender enhancement, Tran's base offense level was 16 because the offense of conviction involved at least 20 kilograms but less than 40 kilograms of marijuana.  U.S.S.G. § 2D1.1(c)(12).  Had the district court not classified additional marijuana seized by authorities subsequent to Tran's arrest as relevant conduct, Tran's initial base offense level would have been 14.  U.S.S.G. § 2D1.1(c)(13).  Tran argues that the district court clearly erred in considering the subsequently seized marijuana as relevant conduct.  Specifically, had the district court not considered the marijuana as relevant conduct, his base offense level would have been 14 instead of 16 thereby resulting in a lower sentencing range.

Tran's offense level of 17 as a career offender is greater than his otherwise applicable offense level of 14 or 16; therefore, his career offender offense level of 17 applies.  *See* U.S.S.G. § 4B1.1(b).  Tran has not challenged the district court's application of the career offender enhancement on appeal.  It is therefore irrelevant and harmless error if the district court incorrectly calculated his otherwise applicable offense level based on the underlying offense and relevant conduct.  *See United States v. Bams*, 858 F.3d 937, 948–49 (5th Cir. 2017); *United States v. Godfrey*, 449 F. App'x 383 (5th Cir. 2011); *United States v. Hollywood*, 117 F. App'x 905, 906 (5th Cir. 2004), *vacated on other grounds*, 544 U.S. 946 (2005); *United States v. Ellsworth*, 35 F. App'x 386 (5th Cir. 2002).

Accordingly, the district court's judgment is AFFIRMED.